UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

EDWARDO GARCIA,

                Petitioner,

    -v-                                  No.  15 CV 1606-LTS-HBP

HAROLD GRAHAM, Superintendent,

                Respondent.

-------------------------------------------------------x

<u>M</u>EMORANDUM <u>O</u>RDER <u>A</u>DOPTING <u>R</u>EPORT AND <u>R</u>ECOMMENDATION

        Petitioner Edwardo Garcia ("Petitioner" or "Garcia") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an order vacating two judgments of conviction entered on April 30, 2002, by the Supreme Court of the State of New York, New York County (Mogulesco, J.) following Garcia's pleas of guilty to the charges of murder in the first degree, attempted murder in the second degree and burglary in the second degree, in violation of New York Penal Law Sections 125.27(1)(a)(vii), 110.00/125/25(1) and 140.25(2), respectively.  (<u>See</u> docket entry no. 2 ("Petition").)  On March 15, 2016, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report") recommending that Garcia's petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  (<u>See</u> Report ¶ III(A), docket entry no. 17.)  On March 25, 2016, Petitioner signed and mailed a two-page letter objecting to Judge Pitman's Report.  (<u>See</u> docket entry no. 19.)  The Court received this filing on

April 6, 2016.[1]

The Court has carefully reviewed the Report and Petitioner's objections and, for the reasons stated below, the objections are overruled and the Court adopts the Report in its entirety.

The Report summarizes in detail the factual and procedural background of the case, which the Court will not repeat here.  In his habeas petition, Petitioner principally argues that he was intoxicated during the subway shooting that gave rise to his first degree murder conviction, that the shooting was accidental, and that he received ineffective assistance of counsel because his attorney did not advise him that he could mount a defense based on those factors.  (See Petition at ECF 5-9.)  He also asserts that he is actually innocent because of his alleged intoxication and consequent lack of the intent required to support a murder conviction.  (Id.)  The Report concludes that Petitioner's constitutional claims, including ineffective assistance of counsel, are time-barred under the AEDPA.  (See Report ¶ III(A).)  Although habeas petitioners who prove "actual innocence" may circumvent the expiration of AEDPA's statute of limitations, McQuiggan v. Perkins, 133 S. Ct. 1924, 1928 (2013), the Report concludes

---

[1] Objections to a report and recommendation served on a party by mail must typically be filed within 17 days of the issuance of the report.  Fed. R. Civ. P. 72(b)(2) (allowing 14 days to file objections after service of a report and recommendation); Fed. R. Civ. P. 6(d) (granting three additional days when service is by mail).  Under the "mailbox rule," certain pro se prisoner filings are deemed as filed as soon as they are given to prison officials to mail.  See Houston v. Lack, 487 U.S. 266, 270 (1988).  While the Second Circuit has not specifically decided whether the mailbox rule applies to objections to reports and recommendations, it has applied the rule in "a variety of contexts" and particularly in habeas cases.  Fernandez v. Artuz, 402 F.3d 111, 113 (2d Cir. 2005).  Given Petitioner's pro se status and the fact that he has proffered a certification that he signed and mailed his letter on March 25, 2016, within the 17-day deadline, the Court considers Petitioner's objections timely filed.

that the evidence proffered by Petitioner is insufficient to prove actual innocence.  Specifically, the Report concludes that Petitioner's proffers of statements Petitioner made during his sentencing hearing that he was intoxicated at the time of the shooting and that his gun discharged accidentally, claims by Petitioner that he had a history of hearing voices, and psychiatrists' reports determining that Petitioner was fit to stand trial (see Petition at ECF 5-9, 12-15, 17-19; docket entry no. 10-5 at ECF 8-15) are insufficient to demonstrate the "actual innocence" required to sustain an otherwise time barred request for habeas corpus relief.

Petitioner objects principally to the Report's recommended finding that Petitioner has not shown actual innocence.  Petitioner takes issue with Judge Pitman's characterization of Petitioner's claims of intoxication and accidental shooting as "self serving" and argues that, in light of his intoxication and his counsel's failure to inform him that voluntary intoxication could be raised as a defense to negate intent, Judge Pitman should have found that Petitioner's actual innocence overcomes the time bar.  (Docket entry no. 19 ¶¶ 1-3; see Report ¶ III(C).)  Petitioner also asserts that, "to the extent that the actual innocence exception is not applicable, then the Magistrate should have extended it's [sic] application to the case at hand" because of Petitioner's alleged lack of intent to commit first degree murder.  (Docket entry no. 19 ¶ 4.)

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012).  The court may "adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  Adams v. New York State Dep't of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)).  Furthermore, objections that "simply reiterate original

arguments" need only be reviewed for clear error.  See Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).  Where specific objections are made, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations."  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (internal quotation marks and citation omitted).

        The Court construes Petitioner's objections liberally in light of his pro se status, see Rodriguez v. Barnhart, No. 01 CV 3411, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002), and reads them to "raise the strongest arguments that they suggest."  Id. (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  However, "[e]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal."  Machicote v. Ercole, No. 06 CV 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (internal quotation marks and citation omitted).  Because Petitioner's objections target specific aspects of the Report and proffer some pertinent argument, the Court will review his actual innocence claim de novo.  See Pearson-Fraser v. Bell Atlantic, No. 01 CV 2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

        The Supreme Court has held that, to prove a claim of "actual innocence," a Petitioner must present "new evidence"[2] so compelling that "it is more likely than not that no reasonable juror would have convicted" had the evidence been offered at trial.  McQuiggan, 133 S. Ct. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Reviewing the evidence de novo, the Court agrees with Judge Pitman that Petitioner does not meet this high bar.  (See

---

[2]     The Report notes that there is some dispute as to what constitutes "new evidence," but assumes that Petitioner's evidence qualifies under the relevant Second Circuit standard.  (See Report ¶ III(C).)  This Court makes the same assumption in weighing the Report and Petitioner's objection.

Report ¶ III(C).). As Judge Pitman explained, in the absence of corroborating evidence, the weight that would be afforded by a jury to Petitioner's own testimony regarding his state of mind is unlikely to be high, given the obvious motive to be self-serving. (See id.; Petition at ECF 5-6.) The psychiatrists' reports on which Petitioner relies to corroborate his statements are themselves based on interviews with Petitioner and, furthermore, do not definitively conclude that Petitioner was legally unable to control his actions. (Petition at ECF 5-8, 12-19; docket entry no. 10-5 at ECF 8-15.) The primary report Petitioner cites, by Dr. Roger M. Harris, merely proffers that "[w]hatever ability [Garcia] had . . . to modulate his aggressiveness . . . the PCP could not have helped, and likely further disinhibited him, leading to further aggressive and impulsive actions." (Docket entry no. 10-5 at ECF 14.) On this record, the Court cannot find that, had Petitioner's evidence been presented at a trial, "more likely than not . . . no reasonable juror would [have found him] guilty beyond a reasonable doubt." Rivas v. Fischer, 687 F.3d 514, 541 (2d Cir. 2012) (internal quotation marks and citation omitted).

    The fact that Petitioner might have had a colorable ineffective assistance of counsel claim, had he brought it in a timely manner, does not change the conclusion that his actual innocence claim lacks sufficient support to merit an exception to the statute of limitations. (See Report ¶ III(A)); see also McQuiggan, 133 S. Ct. at 1931. As the actual innocence exception is narrow and not applicable, the Court finds no basis to excuse the time bar and overrules Petitioner's objections. Cf. McQuiggan, 133 S. Ct. at 1928 (cautioning that "tenable actual-innocence gateway pleas are rare").

    After carefully reviewing de novo the record below, Judge Pitman's thorough and well-reasoned Report and Petitioner's objections, the Court concurs in Judge Pitman's analysis of the issues presented. The Court adopts the Report in its entirety, overrules Petitioner's

objections and dismisses his petition as untimely.

### CONCLUSION

For the reasons stated above, the Court adopts Judge Pitman's Report in its entirety. Petitioner's objections are overruled, and his petition is dismissed as untimely.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. 2253(c)(2); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing standard for issuing a certificate of appealability). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, accordingly, any application to proceed on appeal in forma pauperis with respect to the claims addressed in the Report and in this Order is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated:	New York, New York
	April 29, 2016

	/s/ Laura Taylor Swain
	LAURA TAYLOR SWAIN
	United States District Judge

Copy mailed to:
	Mr. Edwardo Garcia
	02-A-4087
	Sing Sing Correctional Facility
	354 Hunter St.
	Ossining, NY 10562-5442